UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAIDEH BAHMAN-VINCENT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CREATIVE GROWTH ART CENTER, INC., et al.,<br><br>　　　　　　Defendants. | Case No. 24-cv-04964-KAW<br><br>**ORDER STRIKING PLAINTIFF'S DECLARATION AND EXHIBITS; ORDER TO SHOW CAUSE RE ATTORNEY SYME**<br><br>Re: Dkt. Nos. 39, 43, 45 |

On May 6, 2025, Defendant Ginger Shulick Porcella filed a motion for judgment on the pleadings. (Dkt. No. 33.) Per Civil Local Rule 7-3(a), Plaintiff Haideh Bahman-Vincent's opposition was due on May 20, 2025. After Plaintiff failed to file an opposition, the Court issued an order to show cause on May 22, 2025, requiring Plaintiff to file her opposition or statement of non-opposition by May 27, 2025. (Second OSC, Dkt. No. 43.) The Court also ordered Plaintiff to explain why the opposition was not timely filed. (*Id.*) The Court noted that this was the second time Plaintiff had failed to file a timely opposition, and that Plaintiff had not fully responded to the prior order to show cause, which had required that Plaintiff explain why the opposition to the motion to disqualify was not timely filed. (*Id.*; *see also* First OSC, Dkt. No. 39.)

On May 26, 2025, Plaintiff filed an opposition. It is unclear if this opposition is to Defendant Porcella's motion for judgment on the pleadings and/or Defendant Creative Growth Art Center, Inc.'s separately filed motion for judgment on the pleadings.[1] (Pl.'s Opp'n, Dkt. No. 45.) The opposition included a declaration by Plaintiff, much of which consists of improper legal

---

[1] The Court notes that if the opposition is only to Defendant Porcella's motion for judgment on the pleadings, then Plaintiff's opposition to Defendant Creative Growth Art Center, Inc.'s separately filed motion for judgment on the pleadings is now untimely as it was due on May 27, 2025.

conclusions. (*See* Bahman-Vincent Decl. ¶¶ 2-5 (alleging that Plaintiff was harassed because of her disability, age, and "other reasons," that the harassment was severe and pervasive, and that the work environment was hostile), 20 (alleging that Plaintiff is an "ordinary sensitive person" for purposes of an intentional infliction of emotional distress claim), 82 (asserting that "there was no cause in terminating my accommodation"), 87 (asserting that "the harassment, discrimination, intimidation, slander, and other actions by Porcella constituted a constructive termination of my employment"), 108 (asserting that "Porcella's actions were not privileged communications as part of her scope of duties").) Plaintiff also includes 46 exhibits comprising over 270 pages, which are not attached to a declaration authenticating the exhibits or a request for judicial notice explaining why the exhibits are judicially noticeable.

Because the declaration includes significant improper legal conclusions and the exhibits are not properly presented, the Court STRIKES Plaintiff's declaration and exhibits. In any case, it is unclear how the Court could have considered the declaration or exhibits; like a 12(b)(6) motion to dismiss, a motion for judgment on the pleadings tests the legal sufficiency of the claims asserted in the **complaint**. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court cannot consider evidence extrinsic to the pleadings without converting the motion to a Rule 56 summary judgment motion. *See* Fed. R. Civ. P. 12(d).

Further, the Court notes that the opposition itself does not include specific citations to the complaint, Plaintiff's declaration, or the 46 exhibits; rather, the opposition simply states that there are factual disputes per the complaint and Plaintiff's declaration, without specifying what paragraphs are relevant to those alleged factual disputes. (*E.g.*, Pl.'s Opp'n at 9 ("Plaintiff's Complaint and declaration allege facts in response to each of the above questions related to her claim of Slander Per Se, addressing the above questions.").) With respect to the exhibits, Plaintiff asserts that "[o]ne of the exhibits is Plaintiff's original employment contract," but does not identify which exhibit. (*Id.*) It is not the Court's responsibility to review Plaintiff's 246-paragraph complaint, 119-paragraph declaration, and 46 exhibits to determine what supports Plaintiff's case. Rather, it is Plaintiff's responsibility to identify the relevant factual averments from the complaint and explain how they demonstrate each claim is legally sufficient.

2

Accordingly, the Court will permit Plaintiff one final opportunity to file an opposition to the motions for judgment on the pleadings. Plaintiff shall make clear if the opposition is to one or both motions for judgment on the pleadings. The opposition should focus on why the *pleadings* are sufficient and should include citations to the specific paragraphs in the complaint that support each cause of action. The opposition should also not number each paragraph; an opposition is not a declaration. Plaintiff shall file the opposition no later than **June 4, 2025**. Should Plaintiff file the opposition, Defendants shall have until **June 11, 2025** to file a reply.

Finally, the Court notes that Plaintiff's counsel, David Michael Syme, has violated **multiple** court orders in this past month. Attorney Syme has failed to explain why he did not file a timely opposition to the motion to disqualify, as required by the May 16, 2025 order to show cause. (First OSC at 1.) Attorney Syme has also failed to explain why he did not file a timely opposition to Defendant Porcella's motion for judgment on the pleadings, as required by the May 22, 2025 order to show cause. (Second OSC at 1.) Further, Attorney Syme has failed to provide the chambers copy of his untimely opposition to the motion to disqualify, as required by a separate May 22, 2025 order. (Dkt. No. 41.) The Court also notes that earlier this month, Attorney Syme filed a motion to quash *after* being told that discovery disputes between the parties had to be resolved by joint discovery letter, as required by the Court's standing order. (*See* Dkt. Nos. 27, 32.) For reasons the Court cannot fathom, Attorney Syme provided what appeared to be a single page of the discovery letter as an exhibit to the motion to quash. (Dkt. No. 32-1.) In short, **in less than a month**, Attorney Syme has filed an improper motion, failed to timely oppose two motions (thus requiring the issuance of two orders to show cause), and failed to comply with three court orders.

In light of these actions, the Court ORDERS Attorney Syme to show cause, by **June 4, 2025**, why he should not be personally sanctioned $1,000.00 and reported to the Court's Standing Committee on Professional Conduct, by: (1) explaining why he has repeatedly failed to file timely oppositions, (2) explaining why he has repeatedly failed to comply with court orders, (3) providing all required chambers copies (*see* Judge Westmore Standing Order ¶ 5 (requiring chambers copies for all formal motions, which includes oppositions to motions), and (4) reviewing

1  the Civil Local Rules and the Court's standing order, and filing a declaration under penalty of
2  perjury attesting to his compliance.  Failure to do **all** of the above **will** result in the motions for
3  judgment on the pleadings being granted as unopposed, the imposition of sanctions, and/or referral
4  to the Standing Committee.

     IT IS SO ORDERED.

Dated: May 28, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge